UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:16CR00083(AWT) |
| | : | |
| v. | : | |
| | : | |
| BOBBY HEMINGWAY | : | August 9, 2017 |

## RESPONSE TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The Court has scheduled sentencing in this matter for September 22, 2017. The Government respectfully submits this second sentencing memorandum in response to the defendant's supplemental sentencing memorandum dated July 26, 2017 (Doc. No. 98) and in aid of the sentencing hearing of the defendant, Bobby Hemingway ("HEMINGWAY" or the "defendant").

The defendant objects to the determination in the third PSR addendum filed on July 7, 2017 (Doc. No. 95) that concluded that the defendant is subject to the penalties under the sentencing guidelines "career offender" status pursuant to §4B1.1(a).

The Government disagrees with the defense objections and maintains that the court should properly calculate the appropriate sentencing guidelines to be that of a "career offender" pursuant to §4B1.1(a) and impose a sentence consistent with that calculation.

For the reasons stated herein and in our previous sentencing memorandum (Doc. No. 90), the Government maintains its position that the court should properly calculate the appropriate sentencing guidelines to be that of a "career offender" pursuant to §4B1.1(a) and impose a guidelines sentence of imprisonment consistent with that calculation. The Government believes

1

this to be the proper calculation based on the defendant's criminal record including his federal drug conviction and his state assault in the first degree conviction. *See* Doc No. 90 Exhibit A (certificate of conviction) and Exhibit B (transcript).

Further, the Government maintains that the "career offender" designation is not only the proper guidelines calculation but, also, the appropriate sentence regardless of the guidelines calculation determined by the Court. This position is based on the defendants repeated criminal behavior, the defendant's criminal history including that he committed this offense while on federal supervised release and his offense conduct. This calculation takes into account the reasonable and foreseeable conduct, the factors outlined in § 3553(a), and the defendant's history and characteristics, including his substantial criminal history.

As we stated previously, in whatever manner the court resolves the career offender designation/calculation, there is no changing the fact that the defendant is a career offender who has proven repeatedly his resistance to rehabilitation and deterrence.

## **PROCEDURAL BACKGROUND**

On or about May 3, 2016, a federal grand jury sitting in Hartford returned a five-count indictment against the defendant. Specifically, the Indictment charged four counts of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession with intent to distribute and distribution of a controlled substance and 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm.

On or about January 23, 2017, the defendant pled guilty before the Honorable Alvin E. Thompson to count one on the indictment. The defendant pled guilty to Count One of the Indictment, to wit, possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The defendant's guilty plea was entered in accordance with a plea agreement with the Government. In that agreement, the parties agree on the criminal history

level of V and for acceptance of responsibility under U.S.S.G. § 3E1.1. And, acknowledge that the defendant may be a career offender and reserve our rights to argue for and against the defendant's designation as a career offender.

The initial PSR and defense memorandums did not address the career offender designation.

The Government in its initial sentencing memorandum took the position that the defendant should be considered/designated a career offender and respectfully disagreed with the initial probation calculation of the guidelines in the Presentence Report ("PSR").

After a conference call with the court and parties, probation filed a third addendum to the PSR on July 6, 2017 indicating that after reviewing the state court documents and transcripts that probation had re-evaluated its position and determined that the defendant does have the two required predicate offenses to be designated a career offender.

The defendant filed a supplemental sentencing memorandum on July 26, 2017 contesting the career offender designation in the third addendum to the PSR. The defendant argues, among other things, that the assault conviction is not an aggravated assault under the enumerated clause of 4B1.2, that the assault conviction does not meet the elements clause criteria and that because the defendant was convicted as an accessory its not actually an assault conviction.

The Government maintains the position that the defendant is a career offender, agrees with the probation officer's third addendum that was filed on July 7, 2017 and disagrees with the arguments asserted by the defense in its supplemental sentencing memorandum.

The probation office determined that the defendant's Connecticut General Statutes conviction of Assault in the First Degree constitutes a crime of violence under § 4B1.1 of the Sentencing Guidelines. Thus concluding that the defendant qualifies as a career offender based

on his prior federal conviction for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and his prior state conviction for first degree assault, in violation of Conn. Gen. Stat. § 53a-59(a)(5).

Thus, the defendant's calculation as a career offender under the Guidelines is a 32 under U.S.S.G. § 4B1.1(b)(3) and his Criminal History Category would be calculated as a VI, increasing the guideline incarceration range, after a reduction for acceptance of responsibility, to 151-188 months

## DISCUSSION AND RESPONSE TO DEFENSE OBJECTIONS

Section 4B1.1 of the United States Sentencing Guidelines provides that an offender is a "career offender" if the defendant was 18 years old at the time the offense was committed; the offense of conviction was either a "crime of violence" or "controlled substance offense;" and the offender had two or more prior felony convictions of either a "crime of violence" or "controlled substance offense." A "Controlled Substance Offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (November 1, 2015). A "crime of violence offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has an element the use, attempted use, or threatened use of physical force against the person of another, or is murder, voluntary manslaughter, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S. C. § 841(c).

The defendant has the following qualifying convictions which qualify as a "controlled substance offense" and a "crime of violence offense."

1. Assault in the First Degree (aiding and abetting), in violation of Conn. Gen. Stat. § 53a—

4

  59(a)(5), on January 20, 2010; and

2. Possession with Intent to Distribute Cocaine Base in excess of five grams, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), on November 23, 2009.

The defendant does not dispute that his 2009 conviction in United States District Court qualifies as a controlled substance offense. The defendant challenges the qualification of the Assault in the First Degree. Initially the defendant claimed that because the assault was taken as an Alford plea the conviction could not be counted as a "crime of violence." The defendant now claims that the assault conviction does not qualify as a crime of violence for career offender designation because the assault conviction is not an aggravated assault under the enumerated clause of 4B1.2, that the assault conviction does not meet the elements clause criteria and that because the defendant was convicted as an accessory (aiding and abetting) its not actually an assault conviction.

  The Government disagrees and responds briefly to the defense arguments with regard to the Assault conviction.

The provisions at USSG §4B1.2(a) relating to what qualifies as a "crime of violence," contain both a so-called "elements" clause and an "enumerated offense" clause. Within the "elements" clause, it is noted that "crimes of violence" are those offenses, punishable by more than 1 year in prison, that have as an element the use, attempted use, or threatened use of physical force against the person of another. Within the enumerated offense clause, "aggravated assault" is listed as a qualifying conviction. Assault First Degree, where the conviction is under 53a-59, subsection (a)(5), of the Connecticut General Statutes, does constitute an "aggravated offense" as that term is generically understood. In general, an "aggravated assault" is an assault that is aggravated by either of two factors, typically serious bodily injury of the use of a deadly

weapon. A conviction under subsection (a)(5) requires the intent to cause injury, and the actual causing of injury to a person via the discharge of a firearm. His assault conviction counts under the enumerated offenses clause and is obviously an aggravated assault. To hold otherwise would ignore Connecticut's statutory scheme.

The defendant argues that one of the offenses, the crime of violence offense - the Assault in the First Degree conviction, should not count for Career Offender designation. However, the Connecticut conviction for Assault in the First degree, in violation of Connecticut General Statute §53a-59(a) (5) counts categorically as a crime of violence under the force clause and the enumerated offenses clause of Section 4B1.2

The Sentencing Guidelines specifically enumerate as "crimes of violence" an aggravated assault which is what Assault in the First Degree section 5 comports with. Additionally, in the comments it states that crime of violence and controlled substance offense include the offenses of aiding and abetting, conspiring, and attempting to commit such offense.

Connecticut General Statutes § 53a-59(a)(5) defines Assault in the First Degree as follows: "a) A person is guilty of assault in the first degree when: (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm."

Thus, Assault in the First Degree with a firearm is an enumerated offense in the current 2016 Guidelines and the Assault in the First Degree based on the charging document, Exhibit A, and the Transcript of the Plea, Exhibit B, meet the qualifications for a crime of violence under the Guidelines. Hemingway's assault conviction with the use of a firearm counts under the enumerated offenses clause. It obviously is an aggravated assault. To hold otherwise would ignore Connecticut's statutory scheme. Although the Guidelines do not expressly define aggravated

assault. Connecticut's statutory scheme makes clear that third-degree assault is simple assault and first-degree assault therefore is aggravated assault. And, common sense would dictate that assault with the use of a firearm would be an aggravated assault. In addition, Connecticut General Statute § 53a-3(19) provides the definition of "Firearm" to mean any sawed-off shotgun, machine gun, rifle, shotgun, pistol, revolver or other weapon, whether loaded or unloaded from which a shot may be discharged.

Further, application note 1 to §4B1.2 specifically states that a crime of violence and controlled substance offense include the offenses of aiding and abetting, conspiring and attempting to commit such offense. Hemingway asserts that because he was an accessory to the Assault in the First Degree it does not qualify as a crime of violence under the advisory guidelines because the crime does not have as an element "the use attempted use or threatened use of physical force against the person of another." However, it is clear that an aider or abettor which is the same as an accessory to the crime is guilty of the underlying offense. The sentencing guidelines consider a conviction for aiding and abetting the commission of an offense to be a conviction for the underlying offense. U.S.S.G §4B1.2 cmt. n. 1; see also *United States* v. *Oman*, 427 F. 3d 1070, 1077 (8th Cir. 2005) and *United States* v. *Brown*, 550 F.3d 724.

Further, Hemingway's Assault in the First Degree conviction also qualifies as a "crime of violence" under the "elements clause" because it is a divisible statute, and when using the modified categorical approach, approved state court documents establish he was convicted under a subsection requiring the use of force.

Hemingway's reliance on *Wiggan* v. *United States* 3:15CV447 (SRU) (2016), *Johnson* v. *United States*, 3:16CV215(MPS) (2016), and the other Armed Career Criminal Act (hereinafter "ACCA") cases are misplaced. The Guideline's definition of a "crime of violence" is different

7

from the ACCA's definition of a "violent felony" in that the Guidelines expressly include "aiding and abetting" and "conspiracy." To accept the defendant's argument would require the district court to ignore that application note. To put it differently, when we analyze the elements clause of the Guideline's definition of a crime of violence, we look to the elements of the substantive offense. If one of those elements is the use/threatened use/attempted use of physical force, then this conviction counts irrespective of whether the theory underlying the conviction was conspiracy, accessory, or aiding and abetting. While that is not true in the ACCA context, the Guideline's commentary makes that point crystal clear.

Further, the defendant's reliance on *Villanueva* v. *United States* 16CV293(JCH)(2016)[1] also is misplaced. First, it's an ACCA case. Second, it addressed the first subsection of the first-degree assault statute. Third, and most critically, the reasoning revolved around the possibility that the force could be applied indirectly (such as by distributing anthrax through a building's air conditioning system), and, it doesn't apply to the fifth subsection of the first-degree assault statute (which requires that the force be applied directly--from the discharge of a firearm).

## IX. SUMMARY AND CONCLUSION

For the reasons stated herein and in our previous sentencing memorandum, the Government maintains its position that the court should properly calculate the appropriate sentencing guidelines to be that of a "career offender" pursuant to §4B1.1(a) and impose a guidelines sentence of imprisonment consistent with that calculation. The Government believes this to be the proper calculation based on the defendant's criminal record including his federal drug conviction and his state assault in the first degree conviction. And, the Government

---

[1] The *Villanueva* case currently pending appeal in the Second Circuit and is scheduled for argument on August 22, 2017.

believes that a sentence consistent with that designation is also the appropriate sentence regardless of the guidelines calculation determined by the Court. The reason for this is the defendants repeated criminal behavior, the defendant's criminal history including that he committed this offense while on federal supervised release and his offense conduct. In consideration of all the sentencing factors, the government submits that a lengthy sentence of imprisonment is not only reasonable and appropriate, but minimally necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

      The appropriate and reasonable sentence, in the government's view, must, however, exceed the previous sentences imposed. Accordingly, in consideration of the defendant's offense conduct, the importance of deterring him from future criminal conduct and the need to protect the community, the government recommends a sentence within the career offender designation. A sentence of this duration is longer than his previous sentences such that it reflects the seriousness of chronic drug dealing in our communities, promotes respect for the law particularly when the defendant repeatedly violates it, provides for specific deterrence and the protection of the community by removing the defendant from society for a substantial period of time.

                                                     Respectfully submitted,

                                                     DEIRDRE M. DALY
                                                     UNITED STATES ATTORNEY

                                                     */s/ Patricia Stolfi Collins*
                                                     PATRICIA STOLFI COLLINS
                                                     ASSISTANT UNITED STATES ATTORNEY
                                                     Federal Bar No. CT phv08052
                                                     157 Church Street, Floor 25
                                                     New Haven, Connecticut 06510
                                                     (203) 821-3700
                                                     Patricia.stolfi.collins@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

   This is to certify that on August 9, 2017, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

          */s/ Patricia Stolfi Collins*
          PATRICIA STOLFI COLLINS
          ASSISTANT UNITED STATES ATTORNEY
           Federal Bar No. CT phv08052
          157 Church Street, Floor 25
          New Haven, Connecticut 06510
          (203) 821-3700
          Patricia.stolfi.collins@usdoj.gov